IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRENDA CLARK,<br>Plaintiff | : | CIVIL NO. 3:CV-03-1351 |
| | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| DOMINICK DEROSE, ET AL.,<br>Defendants | : | |

## MEMORANDUM

Presently pending is the "Motion of Defendant Calvin Favers ["Favers"]for the sanction of entry of default judgment against Plaintiff [Brenda Clark ("Clark")]due to her failure to comply with the Court's order of May 5, 2005." (Doc. 26).[1] Upon review of the motion, it is more appropriately considered a motion to dismiss the action for failure to prosecute, FED. R. CIV. P. 41(b) ("Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or any claim against the defendant."), and will be construed as such. Also pending is Favers's unopposed motion for summary judgment. (Doc. 29). For the reasons set forth below, the motion will be granted and the action will be dismissed for failure to prosecute. Further, the summary judgment motion will be denied as moot.

I. Background.

On March 31, 2005, Favers filed a motion to compel discovery. By Order of May 5, 2005, the motion was deemed unopposed and was granted and Clark was directed to provide

---

[1]On September 24, 2004, the complaint was dismissed with respect to all defendants, except defendant Calvin Favers. (Doc. 9).

Favers with responses to the Interrogatories and Requests for Production of Documents by June 1, 2005. (Doc. 25). On June 22, 2005, Favers filed the present motion wherein counsel indicates that Clark failed to comply with the Order and that Plaintiff has not made herself available for a deposition. Counsel contends that this conduct has prejudiced Favers's ability to prepare a defense to the action and to submit a properly supported summary judgment motion to the court.

In response, counsel for Clark indicates that despite numerous attempts, he has been unsuccessful in getting Clark to cooperate with the discovery requests and has not been able to get her to participate in the litigation of her case. (Doc. 28). Further, counsel states that he has attempted to contact Clark in response to outstanding interrogatories several times in the past few months. He succeeded in contacting her during a stay at the local YMCA. Upon being advised of the necessity to answer the interrogatories, Clark represented that she would pick the interrogatories up at counsel's office. She never appeared at his office to collect the interrogatories. Nor did she contact him in any way to provide a reason for her failure to do so. Subsequent attempts to contact her have been unsuccessful and counsel is unsure of her address or whereabouts. He states that he cannot adequately defend this motion without communication from her. Further, he "is unsure how to proceed with the case without the advice and recommendation of the plaintiff, Brenda Clark." (Doc. 28-2, p. 2).

II. Discussion.

A court's ability to dismiss pursuant to its inherent power and Rule 41 is governed by

the analysis set forth in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1987). *Poulis* sets forth six factors a court is to consider in determining whether dismissal is appropriate: the extent of the party's personal responsibility; the prejudice to the adversary caused by failure to comply with orders; a history of dilatoriness on the part of plaintiff; whether the conduct of plaintiff is willful or in bad faith; whether alternative sanctions short of dismissal would be appropriate; and the meritoriousness of the Plaintiff's claim. *Id.* at 868. Not all of the factors need to be satisfied nor weigh in favor of dismissal to warrant dismissal. *Hicks v. Feeney*, 850 F.2d 152 (3d Cir. 1988).

In the case *sub judice*, Clark was advised by counsel of the necessity of responding to the discovery requests, and is personally responsible for failing to do so. Her conduct has prejudiced Favers by requiring him to assume the cost of continued preparation for trial, including the filing of the present motion for sanctions as well as a summary judgment motion. Clark's failure to initially respond to the discovery requests, to comply with an order of court and to confer with her counsel concerning the prosecution of the litigation constitutes a history of dilatoriness. Such conduct also constitutes wilful disregard of the court's authority. Alternative sanctions such as admission of certain facts or evidence, or assessment of costs, would be ineffective given the fact that the Clark is unable to be located and has not cooperated with, or conferred with, counsel concerning the litigation. The above conduct of Clark clearly demonstrates that dismissal of the action is warranted. "Unless the court in its order for dismissal otherwise specifies, a dismissal . . . operates as an adjudication

upon the merits." FED. R. CIV. P. 41(b)

**AND NOW**, to wit, this 19th day of August 2005 **IT IS HEREBY ORDERED** that:

1. The "Motion of Defendant Calvin Favers for the sanction of entry of default judgment against Plaintiff due to her failure to comply with the Court's order of May 5, 2005" (Doc. 26) is construed as a motion to dismiss the action for failure to prosecute. FED. R. CIV. P. 41(b);

2. The motion is GRANTED and the above-captioned action is DISMISSED for failure to prosecute. See FED. R. CIV. P. 41(b);

3. Said dismissal CONSTITUTES a dismissal on the merits;

4. Favers's unopposed motion for summary judgment (Doc. 29) is DENIED as moot;

5. The Clerk of Court is directed to CLOSE this case;

6. Any appeal from this order is deemed frivolous and not in good faith.

                        **BY THE COURT:**

                        _____
                        JUDGE JAMES M. MUNLEY
                        United States District Court